This matter was reviewed by the Full Commission on 16 January 1998 upon the appeal of defendant from an Opinion and Award of Deputy Commissioner Kim L. Cramer filed on 22 August 1997.
This matter was initially heard before former Deputy Commissioner Jan N. Pittman on 12 August 1993. On 3 December 1993, former Deputy Commissioner Pittman filed an Opinion and Award in which it was held that: (1) at the time of plaintiff's injury there existed a contract between defendant and the owners of the property for which defendant was acting as general contractor for the purpose of completing certain renovations; (2) plaintiff's injury arose out of and in the course of the performance of work on said property covered by a subcontract between plaintiff and defendant; and (3) defendant was liable to plaintiff for compensation benefits payable as a result of plaintiff's injury, because defendant failed to require from plaintiff or obtain from the Commission, a certificate stating that plaintiff, the subcontractor, had complied with the provisions of N.C. Gen. Stat. § 97-93 as to having obtained workers' compensation insurance or qualifying as a self-insured. The issue of the amount of damages was not addressed in the Opinion and Award.
Defendant appealed the issue of liability to the Full Commission. By Opinion and Award filed 15 December 1994, the Commission affirmed the ruling of the Deputy Commissioner. Defendant appealed the decision to the Court of Appeals. In an unpublished opinion filed 5 September 1995, the Court dismissed defendant's appeal as interlocutory and not properly before the Court.
The issue of damages was heard before Deputy Commissioner Kim L. Cramer on 24 October 1996. By Opinion and Award filed 22 August 1997, Deputy Commissioner Cramer held that defendant was liable to plaintiff for medical expenses, and for a lump sum payment in past due weekly compensation for temporary total disability and permanent partial impairment. In defendant's subsequent appeal to the Full Commission, defendant did not raise the issue of damages, but limited its allegations of error to the issue of liability.
Plaintiff's 4 December 1997 Fee Petition has been decided in accordance with the law.
Defendant previously appealed the 15 December 1994 Opinion and Award of former Commissioner J. Randolph Ward on the initial finding of liability. The Court of Appeals determined the appeal to be interlocutory, pending a final Opinion and Award from which appeal could be properly taken. Accordingly, the 22 August 1997 Opinion and Award of Deputy Commissioner Kim L. Cramer, which has not been challenged on appeal to the Full Commission, stands as written, with minor, technical modifications, as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The date of the injury is 16 September 1991.
2. Plaintiff's average weekly wage was $370.00, which yields a compensation rate of $246.67.
3. Plaintiff was out of work due to injuries sustained in the accident from 16 September 1991 to 22 March 1992.
4. The parties stipulated into evidence plaintiff's medical records for treatment rendered as a result of the 16 September 1991 accident, including records from Memorial Mission Hospital and Dr. Paul Saenger. All medical treatment reflected in the stipulated records was rendered due to plaintiff's injury by accident and was reasonably necessary to effect a cure, give relief, or lessen his period of disability.
5. As set forth in the medical records of Dr. Saenger, plaintiff sustained a permanent partial disability rating of fifty percent to his right leg and twenty percent to his left leg as a result of his compensable injury.
***********
The 15 December 1994 Opinion and Award for the Full Commission is incorporated herein by reference.
***********
The Full Commission affirms the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 16 September 1991, plaintiff fell from a roof while working for defendant. As a result of plaintiff's fall, he sustained a right distal comminuted tibiofibular fracture, open and displaced, and a left comminuted patellar fracture. In addition, plaintiff sustained a fracture of the right navicular bone and a dislocation of the talus from the navicular, and other mild trauma and lacerations.
2. On 16 September 1991, plaintiff underwent surgical repair of his fractures, which was performed by Dr. Maxwell.
3. After plaintiff's initial surgery, Dr. Paul Saenger assumed plaintiff's care. Dr. Saenger subsequently treated plaintiff's other injuries, and performed surgery on plaintiff's left patella. On 31 January 1992, Dr. Saenger performed surgery for a non-union of the distal right tibia. The surgery involved open reduction and internal fixation of the displaced non-union with iliac bone graft, autologous.
4. Dr. Saenger continued to follow plaintiff. On 17 August 1992, plaintiff had reached maximum medical improvement, and Dr. Saenger gave plaintiff a permanent partial disability rating of fifty percent to his right lower extremity, and twenty percent to his left lower extremity.
5. On 4 December 1997, plaintiff filed an unverified Fee Petition seeking to recover attorney's fees pursuant to N.C. Gen. Stat. §§ 97-88 and 97-88.1.
6. Defendant had reasonable grounds to prosecute the appeals to the Commission and the Court of Appeals.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 16 September 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6). As set forth in the prior Opinion of the Full Commission, defendant as general contractor, is responsible for any compensation or other benefits which may be due plaintiff as a result of his injury by accident. N.C. Gen. Stat. §§ 97-19, 97-93.
2. As a result of his compensable injury by accident, plaintiff sustained serious injuries and required medical treatment which was reasonably necessary to effect a cure, give relief, or lessen any period of disability. Defendant is responsible for payment for all such medical treatment. N.C. Gen. Stat. §§ 97-2(19), 97-25.
3. As a result of his compensable injury, plaintiff was temporarily totally disabled and is entitled to compensation at the rate of $246.67 per week from the date of his injury to 22 March 1992, at which time he returned to work. N.C. Gen. Stat. §§ 97-2(9), 97-29.
4. As a further result of his compensable injury, plaintiff has sustained a fifty percent permanent partial impairment to his right leg for which he is entitled to compensation at the rate of $246.67 for 100 weeks, and a twenty percent permanent impairment to his left leg, for which he is entitled to compensation at the rate of $246.67 for 40 weeks, pursuant to N.C. Gen. Stat. §97-31(15).
5. The Commission, in its discretion, declines at this time to award attorney's fees to plaintiff pursuant to N.C. Gen. Stat. § 97-88.
6. Plaintiff is not entitled to attorney's fees for defendant's prosecution of the appeals to the Commission and the Court of Appeals pursuant to N.C. Gen. Stat. § 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of his 16 September 1991 injury by accident.
2. Defendant shall pay plaintiff compensation at the rate of $246.67 per week from 16 September 1991 through 22 March 1992 as temporary total disability. Such benefits having accrued, they shall be paid in a lump sum, subject to attorney's fees approved hereafter.
3. Defendant shall pay plaintiff compensation at the rate of $246.67 per week for 140 weeks beginning 23 March 1992, for his fifty percent permanent impairment to his right leg and his twenty percent permanent impairment to his left leg. Such benefits having accrued, they shall be paid in a lump sum, subject to attorney's fees approved hereafter.
4. A reasonable attorney's fee of twenty-five percent of all compensation awarded plaintiff herein is approved for plaintiff's counsel, to be deducted from the amount due plaintiff and paid directly to his counsel.
5. Plaintiff's petition for attorney's fees is denied.
6. Defendant shall pay the costs of this action.
 S/ ______________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. COMMISSIONER
S/ ________________ LAURA K. MAVRETIC COMMISSIONER